USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/17/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ONEWEST BANK, N.A.,

                            Plaintiff,

    -against-

VERONICA GUERRERO, LUIS R. GUERRERO,
JPMORGAN CHASE BANK N.A., ANGELA M.
CONDE, and JOHN DOE,

                            Defendants.

No. 14-cv-3754 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff OneWest Bank, N.A.[1] initiated the instant action against Defendants Veronica Guerrero and Luis Guerrero ("Defendants") to foreclose on a residential mortgage. The Court assumes the parties' familiarity with the procedural background of the action. Presently before the Court is Plaintiff's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 53.) For the reasons that follow, Plaintiff's motion for summary judgment is DENIED.

## BACKGROUND

Defendants deny the veracity of a substantial number of statements in Plaintiff's Statement of Material Facts Pursuant to Local Rule 56.1 ("Plaintiff's 56.1 Statement"); however, Defendants repeatedly fail to support those denials with citations to admissible evidence. "To oppose a motion for summary judgment, [the non-moving party] is required by the Court's Local

---

[1] On August 3, 2015, the Office of the Comptroller of the Currency provided an official certification of the merger between CIT Bank and OneWest Bank, N.A. (Declaration of Dennis Jose, Esq. in Support of Motion for Summary Judgment ("Jose Decl."), ECF No. 60 at Ex. B.) The resulting bank was named CIT Bank, N.A. (*Id.*) Accordingly, Defendants' argument in their opposition brief regarding whether CIT Bank, N.A. is the proper party is of no moment. (Defs.' Opp. at 10.)

Rules to submit a Statement of Material Facts upon which [the non-moving party] contends there 'exists a genuine issue to be tried' and as to 'each statement controverting any statement of material fact . . . must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).'" *Tuccio v. FJC Sec. Servs., Inc.*, No. 12-cv-5506 (JFB) (GRB), 2014 WL 4438084, at *5 (E.D.N.Y. Aug. 18, 2014) (citing L. Civ. R. 56(d)) *report and recommendation adopted*, No. 12-cv-5506 (JFB) (GRB), 2014 WL 4438469 (E.D.N.Y. Sept. 8, 2014). "Merely denying certain statements in the moving party's statement of undisputed material facts without stating the factual basis for such denial and without disclosing where in the record is the evidence relied upon in making such denial does not constitute a 'separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried'—as is required to controvert the moving party's statement of undisputed material facts . . . ." *Covelli v. Nat'l Fuel Gas Distrib. Corp.,* No. 99-cv-0500, 2001 WL 1823584, at *1 (W.D.N.Y. Dec. 6, 2001) (citing *Holtz v. Rockefeller & Co.,* 258 F.3d 62, 74 (2d Cir. 2001)) *aff'd Covelli v. Nat'l Gas Distrib. Corp.,* 49 Fed. App'x 356 (2d Cir. 2002). To the extent Defendants' response to Plaintiff's 56.1 Statement "fail[s] to cite to admissible evidence or couch[es] argument and analysis as fact," the Court will not consider those statements to be material facts. *Forbes v. Lighthouse Int'l*, No. 11-cv-7065 (VB), 2013 WL 1811960, at *1, n. 1 (S.D.N.Y. May 1, 2013).

On July 27, 2007, Defendant Veronica Guerrero executed a consolidated note (the "Note") whereby she agreed to pay IndyMac Bank, F.S.B. ("IndyMac") $825,000.00, plus interest, on the property located at 202 Hickory Grove Drive East, Larchmont, New York 10538 (the "Property").[2]  (Pl.'s 56.1 ¶ 4; Edwards Aff. ¶ 1.)  As security for payment on the Note,

---

[2] The Note was a consolidation of two mortgages executed by Defendants.  (Affidavit of Caryn Edwards ("Edwards Aff."), ECF No. 57, Ex. B.)  First, on June 17, 2004, Defendant Luis Guerrero executed a mortgage in favor of

2

Defendants executed the Consolidation Agreement, which includes a consolidated mortgage (the "Mortgage") on the Property. (Pl.'s 56.1 ¶ 5; Edwards Aff. ¶ 1.) On July 1, 2008, MERS, as nominee for IndyMac, assigned the Consolidation Agreement to Plaintiff. (Pl.'s 56.1 ¶ 6; Edwards Aff. ¶ 6, Ex. C.) In her affidavit, Caryn Edwards, authorized signatory of CIT Bank, N.A., states that Plaintiff was the holder of the Note and the Mortgage prior to the commencement of the instant action. (Pl.'s 56.1 ¶ 7; Edwards Aff. ¶ 13, Ex. B.) Additionally, the version of the Note appended as Exhibit A to the Supplemental Affirmation of Michael S. Nardolillo ("Nardolillo Supplemental Affirmation," ECF No. 65) includes a page entitled "Plaintiff's Certification of Original Note," which contains a sworn statement of Lisa C. Payne, Assistant Secretary of OneWest Bank, N.A., that Plaintiff has been in possession of the original Note since at least May 1, 2014 and it is located at Deutsche Bank, Santa Ana.[3]

On August 1, 2010, Defendants defaulted under the terms of the Note and the Mortgage by failing to make the requisite payments. (Pl.'s 56.1 ¶ 8; Edwards Aff. ¶ 8.) On or about May 25, 2012, default notices were mailed to Defendants at the Property via first-class mail (the "Notices of Default"). (Pl.'s 56.1 ¶ 9; Edwards Aff. ¶ 9, Ex. D.) Additionally, according to the Edwards Affidavit, on or about October 29, 2013, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1304, 90-day notices were mailed to Defendants at the

---

Mortgage Electronic Registration Systems, Inc. ("MERS") in favor of Greenpoint Mortgage Funding, Inc., securing the original principal amount of $760,000.00. (*Id.*) Second, on July 27, 2007, Defendants executed a second mortgage in favor of MERS as nominee for IndyMac, securing the original amount of $90,000. (*Id.*) The two mortgages were consolidated pursuant to the Consolidation, Extension and Modification Agreement (the "Consolidation Agreement"). (*Id.*)

[3] The Court notes that the Nardolillo Supplemental Affirmation was filed on June 3, 2016, several months after the initial filing of the motion papers. Nevertheless, the Nardolillo Supplemental Affirmation notes that the copy of the Note filed in connection with the original motion papers inadvertently omitted a page, which was referenced in Plaintiff's motion papers. (Nardolillo Supp. Aff. ¶ 2.) Specifically, the version of the Note now appended as Exhibit A to the Nardolillo Supplemental Affirmation contains a page entitled "Plaintiff's Certification of Original Note." Given the unintentional nature of the omission, the Court will consider the exhibit in deciding the instant motion.

Property via both certified and first-class mail (the "90-Day Notices"). (Pl.'s 56.1 ¶ 10; Edwards Aff. ¶ 10, Ex. E.) On October 30, 2013, the 90-Day Notices were filed with the New York State Department of Financial Services. (Pl.'s 56.1 ¶ 11; Edwards Aff. ¶ 11, Ex. F.) As of the filing of the Complaint, an unpaid principal balance of $825,000.00, plus interest and fees, remained due and owing to Plaintiff. (Pl.'s 56.1 ¶ 12; Edwards Aff. ¶ 13.)

## STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] affidavits or declarations," *id.* at 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citation and quotation marks omitted). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248; *accord Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013) (summary order). Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (internal quotation marks omitted). In reviewing the record, "the judge's function is not himself to weigh

the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249.  Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250.

Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  The party asserting that a fact is genuinely disputed must support their assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1).  "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999).  The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (internal citation and quotation marks omitted).  Moreover, "[a non-moving party's] self-serving statement, without direct or circumstantial evidence to support the charge, is insufficient to defeat a motion for summary judgment." *Fincher v. Depository Trust & Clearing Corp.*, No. 06 Cv. 9959 (WHP), 2008 WL 4308126, at *3 (S.D.N.Y. Sept. 17, 2008), *aff'd*, 604 F.3d 712 (2d Cir. 2010) (citing *Gonzales v. Beth Israel Med. Ctr.*, 262 F. Supp. 2d 342, 353 (S.D.N.Y. 2003)).

## DISCUSSION

"'In a New York mortgage foreclosure action, a plaintiff makes a *prima facie* case—with summary judgment appropriate if nothing else is shown—where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor.'" *Wells Fargo Bank, N.A. v. Ullah*,

No. 13-cv-485 (JPO), 2015 WL 3735230, at *4 (S.D.N.Y. June 15, 2015), *appeal dismissed* (Sept. 3, 2015) (quoting *E. Sav. Bank, FSB v. Bright*, No. 11-cv-1721 (ENV) (MDG), 2012 WL 2674668, at *3 (E.D.N.Y. July 5, 2012) ("*E. Sav. Bank I*"). "Once the plaintiff has established its prima facie case by presenting the Note, Mortgage and proof of default, the Mortgagee has a presumptive right to foreclose which can only be overcome by an affirmative showing by the Mortgager." *Ullah*, 2015 WL 3735230, at *4 (internal quotation omitted). "The burden of providing affirmative evidence of a defense generally rests with the defendant, but if the defendant raises the plaintiff's standing as a defense, the plaintiff must establish it before the burden shifts back to the defendant." *Id*.

In the present case, Plaintiff has established its *prima facie* entitlement to foreclose on the property through submission of the Note, the Mortgage, and the affidavit of Caryn Edwards, an authorized signatory of CIT Bank, N.A. who is familiar with the case, attesting to Defendants' default on or about August 1, 2010 (Edwards Aff., ¶ 8, Exs. B, D). Defendants do not appear to contest the existence of the Mortgage or that they defaulted on the Mortgage. Instead, Defendants raise three defenses to Plaintiff's summary judgment motion: (1) lack of standing; (2) failure to demonstrate compliance with RPAPL § 1304; and (3) failure to provide the requisite notice of default.

**I.      Standing**

Defendants assert that Plaintiff lacks standing to foreclose on the Mortgage because Plaintiff "cannot demonstrate that it is the owner or holder of the Mortgage and Note." (Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment ("Defs.' Opp."), ECF No. 58, at 7; Answer, ECF No. 43, ¶¶ 1–4.) "'When the issue of standing is raised by a defendant, a plaintiff must prove its standing in order to be entitled to relief.'"

*Bank of New York Mellon v. Deane*, 41 Misc. 3d 494, 496, 970 N.Y.S.2d 427, 429 (N.Y. Sup. 2013) (quoting *GRP Loan, LLC v. Taylor*, 95 A.D.3d 1172, 1173, 945 N.Y.S.2d 336, 336 (2d Dep't 2012)).

"Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" *E. Sav. Bank, FSB v. Thompson*, 631 F. App'x 13, 15 (2d Cir. 2015) ("*E. Sav. Bank II*") (quoting *Wells Fargo Bank, N.A. v. Rooney*, 132 A.D.3d 980, 981, 19 N.Y.S.3d 543, 544 (2d Dep't 2015)). "Notably, '[e]ither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident.'" *E. Sav. Bank II*, 631 F. App'x at 15 (quoting *U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752, 754, 890 N.Y.S.2d 578, 580 (2d Dep't 2009)). "[W]hile assignment of a promissory note also effectuates assignment of the mortgage, the converse is not true: since a mortgage is merely security for a debt, it cannot exist independently of the debt, and thus, a transfer or assignment of only the mortgage without the debt is a nullity and no interest is acquired by it." *U.S. Bank Nat'l Ass'n v. Dellarmo*, 94 A.D.3d 746, 748, 942 N.Y.S.2d 122, 124 (2d Dep't 2012). To determine whether Plaintiff has standing to foreclose on the Mortgage, the Court must determine whether Plaintiff is the holder of the Note. Again, holder status may be established through physical possession of the Note or written assignment.

In its motion papers, Plaintiff states that it was in possession of the Note on May 1, 2014, prior to the commencement of the action. (Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment ("Pl.'s Mot."), ECF No. 55, at 8, n. 4.) Plaintiff marshals the following evidence of its possession of the Note: (1) Paragraph 13 of the Edwards Affidavit,

7

which states, "Plaintiff is the holder aforesaid Consolidated Note . . . Plaintiff was the holder of the Note and Mortgage at the time of the commencement of the action" and (2) Exhibit A to the Nardolillo Supplemental Affirmation.  Defendants assert that the Edwards Affidavit is insufficient to demonstrate that Plaintiff had physical possession of the Note prior to commencement of the action because it lacks "key specific facts, such as what day Plaintiff took physical possession of the original Note."  (Pl.'s Opp. at 10.)  In general, affidavits lacking factual detail such as "when the plaintiff received physical possession of the note" are insufficient to establish possession.  *Deutsche Bank Nat'l Trust Co. v. Barnett*, 88 A.D.3d 636, 638, 931 N.Y.S.2d 630, 632 (2d Dep't 2011) (citations omitted).  Nevertheless, Exhibit A to the Nardolillo Supplemental Affirmation cures any deficiencies caused by the lack of specificity in the Edwards Affidavit.  Specifically, Exhibit A to the Nardolillo Supplemental Affirmation includes a page entitled "Plaintiff's Certification of Original Note," which contains a sworn statement of Lisa C. Payne, Assistant Secretary of OneWest Bank, N.A., that Plaintiff has been in possession of the original Note since at least May 1, 2014 and it is located at Deutsche Bank, Santa Ana.  (ECF No. 65 at 9.)[4]  Moreover, Exhibit A to the Nardolillo Supplemental Affirmation establishes that Plaintiff was in possession of the original Note *prior* to commencement of the action on May 27, 2014.  (*Id.*)  The Note also contains an indorsement in blank, making the Note payable to the party in possession of the original Note.  (*Id.* at 7.)  Accordingly, Plaintiff has standing to foreclose on the Mortgage.  *See E. Sav. Bank II*, 631 F. App'x at 15–16; *Citibank, N.A. v. Wilbern*, No. 12-cv-755, 2014 WL 1292374, at *8 (N.D. Ill. Mar. 28, 2014).[5]

---

[4] Page numbers for ECF No. 65 refer to ECF pagination, rather than any internal page numbers.

[5]   As an alternative basis for standing, Plaintiff points to MERS' assignment of the Mortgage to Plaintiff on July 1, 2008.  However, as is often the case in mortgages involving assignments by MERS, questions arise as to

**II.     Compliance with RPAPL § 1304**

The Court next considers Defendants' challenge to Plaintiff's compliance with RPAPL § 1304.  RPAPL § 1304 requires a lender, assignee, or mortgage loan servicer to transmit a notice to the borrower at least 90 days prior to commencing a legal action for mortgage foreclosure. N.Y. Real Prop. Acts. Law § 1304.  The statute sets forth the following requirements for the notice: (1) text in fourteen-point type; (2) text stating "YOU COULD LOSE YOUR HOME. PLEASE READ THE FOLLOWING NOTICE CAREFULLY"; (3) information regarding government-approved housing counseling agencies available to assist borrowers in seeking home loan modifications; and (4) transmission of the notice via registered or certified mail and also by first-class mail to the last known address of the borrower, and if different, the residence subject

---

whether MERS itself had the ability to assign the Note.  Though the Court need not delve into an in-depth discussion of MERS' assignments, a brief background is useful.  "In 1993, as mortgage securitization became widespread, mortgage-industry participants created MERS to facilitate quick, low-cost transfers of mortgage interests." *Caraballo v. Homecomings Fin.,* No. 12-cv-3127 (JPO), 2014 WL 2117225, at *1 (S.D.N.Y. May 21, 2014) (citing *MERSCORP, Inc. v. Romaine*, 8 N.Y.3d 90, 96 (2006)).  MERS enables its member companies to short-circuit delays in local recording offices and avoid associated filing fees by listing MERS as the mortgagee of record. *Caraballo*, 2014 WL 2117225, at *1.  "With MERS as the mortgagee of record, MERS members could exchange property interests without the need to publicly record the transfers."  *Id*.  Notably, MERS "hold mortgages in name only as a purported nominee of its members."  *Id*.  Accordingly, when MERS purports to assign a mortgage without a corresponding assignment of the underlying note, issues arise in later foreclosure proceedings.  For instance, in *Bank of New York Mellon v. Silverberg*, the court held that the plaintiff bank did not have standing to foreclose on the mortgage because the purported assignment of the mortgage by MERS to the plaintiff bank did not transfer rights associated with possession of the note.  86 A.D.3d 274, 281, 926 N.Y.S.2d 532, 539–40 (2d Dep't 2011) ("although the consolidation agreement gave MERS the right to assign the mortgage themselves, it did not specifically give MERS the right to assign the underlying notes, and the assignment of the notes was thus beyond MERS's authority as nominee or agent of the lender").  The *Silverberg* court noted that issues may arise in the wake of its decision, given that "MERS purportedly holds approximately 60 million mortgage loans," but "the law must not yield to expediency and the convenience of lending institutions."  *Id*.

    In the present case, the Note executed by Defendants is secured by the Consolidation Agreement. (Edwards Aff., Ex. B.)  The Mortgage on the Property was made pursuant to the Consolidation Agreement.  (*Id*.) Pursuant to the terms of the Consolidation Agreement, MERS is the nominee for "Lender" (IndyMac) and "Lender's successors and assigns."  (*Id*.)  Additionally, the terms of the Mortgage state that MERS "holds only legal title to the rights granted by [Defendants] . . ."  (*Id*.)  On July 1, 2008, MERS, as nominee for IndyMac, assigned the Consolidation Agreement to Plaintiff.  (Pl.'s 56.1 ¶ 6; Edwards Aff. ¶ 6, Ex. C.)  However, through that assignment, Plaintiff only stepped into the shoes of MERS, as nominee, and not the Note holder.  *Silverberg*, 86 A.D.3d at 282 ("the consolidation agreement did not give MERS title to the note, nor does the record show that the note was physically delivered to MERS . . . .  Hence, the plaintiff, which merely stepped into the shoes of MERS, its assignor, and gained only that to which its assignor was entitled, did not acquire the power to foreclose by way of the corrected assignment.").  Accordingly, it does not appear that the July 2008 assignment by MERS conferred standing to foreclose on the Note on Plaintiff.

to the mortgage. *Id.* "'[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action . . . .'" *Ullah*, 2015 WL 3735230, at *8 (quoting *Aurora Loan Servs., LLC v. Weisblum*, 85 A.D.3d 95, 106, 923 N.Y.S.2d 609 (2d Dep't 2011)). "The plaintiff has the burden of establishing that it satisfied this condition." *Ullah*, 2015 WL 3735230, at *8 (citation omitted).

Defendants do not challenge the substantive sufficiency of the 90-Day Notices; instead, they assert (1) that Plaintiff has failed to establish the method by which the notices were sent and (2) that they "have never seen" the notices. (Defs.' Opp. at 15.)[6] "New York courts have held that [i]n order to trigger the presumption of mailing, the lender under RPAPL 1304 must provide a sworn statement that the particular document—the statutory notice—was mailed by a particular person, or that a particular process, which resulted in mailing, was uniformly and diligently followed." *Ullah*, 2015 WL 3735230, at *9 (internal quotation omitted). In lieu of such an affidavit, courts have accepted as sufficient evidence of mailing "uncontroverted United States Postal Service records." *See, e.g., O'Sullivan*, 2016 WL 2732185, at *5.[7] Here, Plaintiff has not provided the Court with any USPS records in support of its position that the 90-Day Notices were mailed to Defendants. Instead, Plaintiff primarily relies upon the Edwards Affidavit.

In *Waithe v. Citigroup, Inc.*, the court held that the bank failed to establish its compliance with RPAPL § 1304. 42 Misc. 3d 1205(A), 983 N.Y.S.2d 207 (N.Y. Sup. 2013). There, the

---

[6] Defendants' submission of personal affidavits stating that they have never seen the 90-Day Notices does not raise a triable issue of fact sufficient to defeat Plaintiff's motion for summary judgment. *See CIT Bank, N.A. v. O'Sullivan*, No. 14-cv-5966, 2016 WL 2732185, at *5 (E.D.N.Y. May 10, 2016) ("the carefully crafted affidavit of John, which states, without citation to facts or law, that he was not 'served' with the 90-Day Notice is insufficient to raise a triable issue of material fact to defeat summary judgment.").

[7] In *O'Sullivan*, counsel for the plaintiff, CIT Bank, N.A. appended print-out records of USPS tracking information confirming delivery of the 90-day notices as exhibits to its brief opposing the defendants' motion for summary judgment. (*See* No. 14-cv-5966, ECF Nos. 38-3, 38-4.) The Court notes that counsel for the plaintiff in *O'Sullivan* is the same counsel representing Plaintiff in the instant action. Apparently then, Plaintiff's counsel is well aware that USPS records are sufficient to demonstrate mailing.

bank submitted an affidavit from its employee who had personal knowledge of the bank's "practice and procedure for creating and maintaining both physical and electronic loan records." *Id*. The employee's affidavit stated that, based upon her review of the bank's records, the bank transmitted a 90 day notice to the borrowers on a certain day via certified and registered mail. *Id*. The court concluded that this affidavit was insufficient for the bank to meet its burden of showing compliance with RPAPL § 1304, as it was "not an affidavit of service of the actual mailing." *Id*. *See Weisblum*, 85 A.D.3d at 106, 923 N.Y.S.2d at 616 (holding the Supreme Court should have denied the servicer's motion for summary judgment in part because the affidavit failed to established proper service); *Deutsche Bank Nat'l Trust Co. v. Spanos*, 102 A.D.3d 909, 910, 961 N.Y.S.2d 200, 202 (2d Dep't 2013) ("Here, the plaintiff failed to submit an affidavit of service evincing that it properly served the appellant pursuant to RPAPL 1304. Thus, it failed to meet its prima facie burden of establishing its entitlement to judgment as a matter of law in connection with this affirmative defense."). In *Ullah*, on the other hand, the court held that the plaintiff's submission of an affidavit from its loan servicer detailing the process of generating 90-day notices, as well as the servicer's practice of creating a notation in the loan file as to when a 90-day notice is mailed, coupled with the submission of a print-out of notations made on the borrower's loan file indicating when the 90-day notice was sent created "a presumption that the two notices that Wells Fargo asserts were sent here—one by certified mail and the other by regular first-class mail—were received." 2015 WL 3735230, at *9.

In the present case, Plaintiff has not overcome the initial hurdle of demonstrating compliance with RPAPL § 1304. Plaintiff submits the affidavit of Ms. Edwards, an authorized signatory of CIT Bank, N.A., who avers personal knowledge of Plaintiff's practice and procedure for generating mortgage loan servicing records. She states in her affidavit that "[o]n

11

or about October 29, 2013, a copy of the 90 day pre-foreclosure notice was sent to the Borrowers at the address of the Property." (Edwards Aff., ¶ 10.) The affidavit contains no description of the general processes and procedures for generating 90-day notices, nor is the affidavit an affidavit of service of actual mailing. Instead, the affidavit states in conclusory fashion that the affiant is familiar with the bank's business practices and includes barebones detail regarding the date the 90-Day Notice was sent to Defendants. Like the affidavits in *Waithe* and *Weisblum*, the Edwards Affidavit does not establish compliance with RPAPL § 1304. *See U.S. Bank Nat'l Ass'n v. Glusky*, 50 Misc. 3d 313, 316, 18 N.Y.S.3d 298, 300 (N.Y. Sup. 2015) ("for plaintiff to meet its burden of proof on a summary judgment motion for foreclosure it must produce an affidavit from a person with knowledge that the required notices under RPAPL § 1304 have been mailed. It is not sufficient to produce an affidavit from the servicer or the lender as to the usual procedures undertaken with respect to mailing the notice even if a copy of a notice is produced as part of the servicer's file."). The Edwards Affidavit neither states who mailed § 1304 notices to Defendants nor details the particular process used to mail § 1304 notices.

Plaintiff points to the following, additional evidence in support of its position that it complied with RPAPL § 1304: (1) the Affirmation of Regularity, which states that notices compliant with RPAPL § 1304 were sent to Defendants (ECF No. 54, ¶ 4, Ex. E), and (2) copies of the 90 day notices sent to Defendants (Jose Decl., Ex. D.) The Affirmation of Regularity is even less persuasive than the Edwards Affidavit, as it is submitted by counsel and is couched in conclusory language. With respect to the notices, they appear to indicate on their face that they were sent via first-class and registered mail. (Jose Decl., Ex. D.) Additionally, the notices contain the requisite text and information regarding housing counseling agencies. (*Id*.) However, the versions of the 90-Day Notice appended to the Jose Declaration, while dated more

than 90 days prior to the commencement of the instant action, do not conclusively demonstrate *when* the notices were mailed. *See TD Bank, N.A. v. Oz Leroy*, 121 A.D.3d 1256, 1258, 995 N.Y.S.2d 625, 627 (3d Dep't 2014) ("Plaintiff also submitted a copy of a letter containing the statutorily-required language and dated more than 90 days prior to commencement, along with a certified mail receipt that contains defendant's name and address *but does not contain a postmark or date of mailing* . . . . This evidence was insufficient to prove that the RPAPL 1304 notice was properly mailed to defendant.") (emphasis added) (citations omitted). Accordingly, Plaintiff has failed carry its burden of establishing compliance with RPAPL § 1304 as a condition precedent to the commencement of a foreclosure action. Therefore, Plaintiff is not entitled to summary judgment.[8]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED. The parties are directed to appear for an in-person pretrial conference on August 4, 2016 at 11:00 a.m. The Court respectfully directly the Clerk to terminate the motion at ECF No. 53.

Dated: June 17, 2016  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge

---

[8] The Court need not address Defendants' third affirmative defense.

13